**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Tiffani Wells, | No. CV11-01915-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. |  |
| U-Haul International, |  |
| Defendant. |  |

Pending before the Court is Plaintiff Tiffani Wells' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6), which will be granted. The Court has concluded that Plaintiff's Complaint (Doc. 1) should be screened pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons set forth below, the Complaint (Doc. 1) will be dismissed with permission to file an amended complaint by November 10, 2011.

**I.     Legal Standards**

    **A.     28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners

can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

"[A] complaint, containing both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Finally, Rule 8 of the Federal Rules of Civil Procedure governs whether the complaint has sufficiently stated a claim upon which relief may be granted.

### B.   Rule 8, Federal Rules of Civil Procedure

A complaint must include "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). It must also include "a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a)(3). Finally, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim must be stated in a separate count. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864

1 F.2d 635, 640 (9th Cir. 1988).

2 "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In
3 order to assist litigants to understand this requirement, Rule 84 of the Federal Rules of Civil
4 Procedure provides samples in an Appendix of Forms, which "illustrate the simplicity and
5 brevity that the[] rules contemplate." Fed. R. Civ. P. 84; *see also McHenry v. Renne*, 84 F.3d
6 1172, 1177 (9th Cir. 1996). An example is Form 11 (Complaint for Negligence):

> 1. (Statement of Jurisdiction - See Form 7).
>
> 2. On *date*, at *place*, the defendant negligently drove a motor vehicle against the plaintiff.
>
> 3. As a result, the plaintiff was physically injured, lost wages or income, suffered physical and mental pain, and incurred medical expenses of $____. Therefore, the plaintiff demands judgment against the defendant for $____, plus costs.

12 A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level."
13 *Twombly*, 127 S. Ct. at 1965. Further, a claim must be stated clearly enough to provide each
14 defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172,
15 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness
16 and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential
17 functions of a complaint." *Id.* at 1180.

18 **II.   Analysis**

19 Plaintiff's Complaint (Doc. 1), while providing a short and plaint statement of her
20 claims, does not afford Defendant U-Haul International a fair opportunity to frame a
21 responsive pleading. *See McHenry*, 84 F.3d at 1176. Plaintiff has only named one
22 defendant, U-Haul International, in this action. Although she identifies U-Haul as a
23 defendant and her creditor (Doc. 1 at ¶ 3), Plaintiff goes on to identify another purported
24 defendant, Innovative Merchant Solutions (*id.* at ¶ 6). However, in the remainder of her
25 complaint, Plaintiff refers generally to "defendant" and does not specify which defendant
26 took which actions against her. (*Id.* at ¶¶ 7-15.) It is therefore unclear whether Plaintiff is
27 alleging that U-Haul International or Innovative Merchant Solutions is responsible for the
28 wrongdoings claimed. Because Plaintiff's complaint thus does not clearly identify "whom

1   [she is] suing for what wrongs[,]" *McHenry*, 84 F.3d at 1180, it will be dismissed.

2         Where a defective complaint can be cured, the plaintiff is entitled to amend the
3   complaint before the action is dismissed. *See Lopez*, 203 F.3d at 1127-30. Therefore,
4   Plaintiff will be given an opportunity, if she chooses, to amend her complaint to make clear
5   her allegations in short, plain statements with each claim for relief identified in separate
6   sections. In the amended complaint, Plaintiff should clearly identify which party is
7   responsible for which allegedly wrongdoing, and from which party's actions she seeks relief.
8   Any amended complaint must conform to the requirements of Rules 8(a) and (d)(1) of the
9   Federal Rules of Civil Procedure.

10         Plaintiff is warned that if she elects to file an amended complaint that fails to comply
11   with the Court's instructions explained in this order, the action may be dismissed pursuant
12   to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See*
13   *McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and
14   redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. North Coast*
15   *Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended
16   complaint that was "equally as verbose, confusing, and conclusory as the initial complaint");
17   *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to
18   amend second complaint that was "so verbose, confused and redundant that its true
19   substance, if any, [was] well disguised").

20         IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District
21   Court Without Prepaying Fees or Costs (Doc. 6) is granted. If and when Plaintiff is given
22   leave to serve an amended Complaint, she shall be responsible for service by waiver of the
23   summons and complaint.

24         IT IS FURTHER ORDERED that Plaintiff's Complaint (Doc. 1) is dismissed with
25   permission to file an amended complaint by November 10, 2011.

26         IT IS FURTHER ORDERED that if Plaintiff elects to file an amended complaint, the
27   complaint may not be served until and unless the Court screens the amended complaint
28   pursuant to 18 U.S.C. § 1915(e)(2).

1   IT IS FURTHER ORDERED that if Plaintiff elects not to file an amended complaint by November 10, 2011, the Clerk shall dismiss this action without further order of this Court.

DATED this 20th day of October, 2011.

_____
Neil V. Wake
United States District Judge